**HONG ZHONG HU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–3899–ag.**

United States Court of Appeals,
Second Circuit.

July 13, 2007.

Michael Brown, New York, NY, for Petitioner.

Alice H. Martin, United States Attorney, Northern District of Alabama, Jenny L. Smith, Assistant United States Attorney, Birmingham, Alabama, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, and Circuit Judges.

### SUMMARY ORDER

Hong Zhong Hu, a native and citizen of the People's Republic of China, seeks review of a June 22, 2005, order of the BIA affirming the October 10, 2003, decision of Immigration Judge ("IJ") Joanna M. Bukszpan denying Hu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hong Zhong Hu*, No. A96 249 133 (B.I.A. Jun. 22, 2005), *aff'g* No. A96 249 133 (Immig. Ct. N.Y. City Oct. 10, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination, *see, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

As an initial matter, we do not consider Hu's CAT claim based on his illegal departure because he did not argue the matter in his brief to this Court. Issues not sufficiently argued in briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 546 n. 7 (2d Cir.2005).

Although the IJ did not make an explicit adverse credibility finding, she implied such a finding by denying Hu's claim for relief based on the inconsistencies and implausibilities that she found in the record. This finding was not supported by substantial evidence. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000).

It was error for the IJ to characterize as "very significant" Hu's omission from his asylum application that his wife had been detained by family planning officials. The gravamen of Hu's claim is his wife's forced abortion; his wife's detention

does not concern the basis for his claim, but rather matters collateral or ancillary to the claim. *See Secaida–Rosales*, 331 F.3d at 308 (overturning adverse credibility determination because the omission in petitioner's written application did not go to the heart of the claim).

Further, a number of the IJ's findings that Hu's testimony was implausible were speculative and not "tethered to the evidentiary record." *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir.2007). The IJ found that (1) Hu was in hiding at his sister's home and "was not in any way harmed by the family planning authorities"; (2) Hu's wife was not reprimanded when she failed to report to her gynecological checkup; (3) Hu's wife was in hiding at her sister's home "for a long time" without the awareness of family planning authorities; and (4) Hu's wife has not been sterilized. For the reasons to be discussed, the IJ's first and second findings are not arguably supported by the record. The remaining findings are not sufficiently implausible, in light of the record, to warrant the IJ's adverse credibility determination. *See id.*

■ First, the IJ's conclusion that Hu was not "in any way harmed by family planning authorities" is erroneous, as Hu testified to having received a harmful government-issued order, which imposed a fine of 10,000 RMB, repealed his dental license, ordered him to close his dental office, and instructed him to undergo sterilization. Because the IJ failed to consider the entire record in making this finding, *see Jorge–Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir.2006), this conclusion was in error.

■ Second, the IJ's finding that Hu's wife "was not even reprimanded" when she missed her first checkup somewhat mischaracterizes Hu's testimony. Hu testified that a family planning official "warned" him that his wife had to report to her next checkup. Hu's testimony indicates that, although his wife was not reprimanded personally, as she was in hiding at that time, Hu received a "reprimand" from an official on her behalf. Because the IJ's finding was based on an erroneous reading of the record, it is flawed and cannot stand. *See Secaida–Rosales*, 331 F.3d at 307.

■ Third, the IJ had no basis, in the record or otherwise, from which to conclude that Hu's wife could not remain undetected in hiding at her sister's home for a "long time." The IJ failed to address Hu's testimony that family planning authorities did not attempt to find his wife until after she had missed her second gynecological appointment because he had told them that she was at a relative's home for personal reasons. *See Cao He Lin*, 428 F.3d at 403; *Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir.2005). While we have found that an IJ's inferences are not impermissibly speculative as long as they are "tethered to the evidentiary record," *Siewe*, 480 F.3d at 169, the IJ here did not base her inferences on anything in the record.

■ Fourth, the IJ also found implausible that Hu's wife remains unsterilized. Yet Hu explained that the family planning officials ordered him sterilized instead of his wife because "her body was rather weak." The IJ's failure to consider this factual assertion in making her finding was also error, *see Latifi*, 430 F.3d at 105, and there is nothing in the record to support the IJ's conclusion to the contrary.

Because the IJ's adverse credibility finding is not supported by substantial evidence, *see Diallo*, 232 F.3d at 287, we proceed to analyze whether remand would be futile, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338–39 (2d Cir.2006). Even when an applicant is credible, failure to corroborate a claim may lead to denial based on the insufficiency of the evidence. *Diallo*, 232 F.3d at 287. The IJ must,

however, first identify the particular pieces of missing, relevant evidence and show that this evidence is reasonably available to the applicant. *Id.* at 289–90; *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003). Here, although Hu's wife's abortion and his fear of sterilization render him eligible for asylum, *see* 8 U.S.C. § 1101(a)(42), remand would be futile if Hu failed to carry his burden of proving those assertions, *see Xiao Ji Chen,* 471 F.3d at 338–39.

■ The IJ concluded that Hu failed to satisfy his burden because he had not submitted his wife's checkup booklet and medical records. However, the IJ did not show, and the record does not suggest, that these documents were reasonably available to Hu. Hu testified that he did not submit the checkup booklet because family planning officials had retained it. While the IJ was not required to credit Hu's explanation, she was required to consider it as a significant factual assertion. The IJ's failure to do so was error. *See Diallo,* 232 F.3d at 289–90; *see also Cao He Lin,* 428 F.3d at 403.

■ The IJ also erroneously failed to address the government-issued order instructing Hu to pay a fine, cease his dental practice, and undergo sterilization. *See Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006) (finding that failure to consider material documents was error requiring remand). The IJ faulted Hu for not authenticating the "government issued documents ... in conformity with the code of federal regulations" and found them "of extremely limited probative value." We have previously found error when an IJ refused to admit documents not authenticated pursuant to the regulations. *See Cao He Lin,* 428 F.3d at 405. Here, the

order provides substantial support for Hu's assertions that the government fined, punished, and threatened him and his wife. The IJ therefore had an obligation to consider the order, as it was not "too insignificant to merit discussion." *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 149 (2d Cir.2003) (internal quotation marks omitted).[1]

■ The IJ further found the issuance of Hu's Household Register listing his wife as a resident inconsistent with his assertion that she was in hiding at that time. However, Hu explained that he alone obtained the Household Register, and that family planning officials were not yet aware that his wife was in hiding. The IJ's failure to consider this assertion was error, and cannot therefore constitute substantial evidence supporting her conclusion. *See Cao He Lin,* 428 F.3d at 403.

■ To impugn the reliability of the abortion certificate submitted by Hu, the IJ properly took administrative notice of the USDOS China Profile, which indicates that abortion certificates are given to persons who submit to the procedure voluntarily. *See id.* However, because so many of the IJ's findings rested on flawed reasoning, we cannot confidently predict that the agency would reach the same decision on remand absent those erroneous findings. *See Xiao Ji Chen,* 471 F.3d at 338–40; *Cao He Lin,* 428 F.3d at 406. Therefore, we remand this case for a new determination of Hu's eligibility for asylum and withholding of removal.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. The pending request for oral argument in this petition is DE-

---

1. While the weight afforded evidence in immigration cases "lie[s] largely in the discretion of the IJ," *see Xiao Ji Chen,* 471 F.3d at 342 (internal quotation marks omitted), such is

not the case here, when the IJ's decision does not indicate that she considered the order at all in making her finding, *see Shou Yung Guo,* 463 F.3d at 115.

NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).